IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVELOPERS SURETY AND INDEMNITY COMPANY** | : : : : | |
| Plaintiff | : : | NO. |
| v. | : : : | |
| **PARKWOOD POINTE ASSOCIATES, LLC, BLACKWOOD POINTE ASSOCIATES, LLC, and DAVID G. CHERUP,** | : : : : : | |
| Defendants. | : : | |

## COMPLAINT

Plaintiff, Developers Surety and Indemnity Company, ("Developers"), by and through its counsel DeVlieger Hilser, P.C., hereby brings this Complaint against Defendants, Parkwood Pointe Associates, LLC, Blackwood Pointe Associates, LLC and David G. Cherup, (collectively the "Indemnity Defendants"), and states as follows:

## PARTIES

1. Plaintiff, Developers, is a corporation organized and existing under the laws of the State of California with its principal place of business in Irvine, California.

2. Developers, in its capacity as Surety, is authorized to issue performance bonds and labor and material payment bonds in the Commonwealth of Pennsylvania.

3. Defendant, Parkwood Pointe Associates, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania located at 318 Village Green Drive, McMurray, Pennsylvania 15317.

4. Defendant, Blackwood Pointe Associates, LLC, is a limited liability company

organized and existing under the laws of the Commonwealth of Pennsylvania located at 318 Village Green Drive, McMurray, Pennsylvania 15317

5. Defendant, David G. Cherup ("DC"), is an adult individual and citizen of the Commonwealth of Pennsylvania, who is believed to reside at 148 Warwick Drive, Pittsburgh, Pennsylvania 15241.

**JURISDICTION & VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the adverse Parties are citizens of different states and the matter in controversy exceeds $75,000.00 as set forth below.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this District.

**BACKGROUND**

8. On or about May 8, 2002, M Squared Development, LP ("MSD"), James Bunn, Jr. and DC executed a certain General Indemnity Agreement ("MSD–GIA"), whereby, in consideration of Developers furnishing bonds on behalf of, MSD, they agreed, inter alia, "to reimburse Surety upon demand for all payments made for and to indemnify and keep indemnified Surety From: a) all demands, losses, contingent loss, liability and contingent liability claim, expense, including attorney's fees, for which Surety shall become liable or shall become contingently liable by reason of such suretyship, whether or not Surety shall have paid at the same time of demand . . ."

9. In consideration of and reliance on the execution of the MSD–GIA, on May 15, 2002, Developers issued a certain Performance Bond No. 527031S, (the "Bond" or "Subject

2

Bond") naming MSD as principal and Township of Crescent, Pennsylvania, (the "Township" or "Obligee") as obligee in connection with a certain Subdivision and Development Agreement to perform certain site improvements under and pursuant to the Township Code of the Township relating to a project described as Parkwood Pointe Subdivision Phase 1 (the "Project").

10. Subsequent to MSD initiating work on the Project, DG formed entity, Parkwood Pointe Associates, LLC ("Parkwood"), which purchased plans and specs to complete the Project.

11. As a condition to allowing Parkwood to complete the Project, the Obligee expressly required the Bond originally issued to MSD to remain in place and further required the issuance of a Bond Rider changing the Principal from MSD to Parkwood.

12. Prior to, and in consideration for issuing the necessary Bond Rider, Developers required DG to execute a new Indemnity Agreement ("GIA"), on behalf of Principal, Parkwood Pointe Associates, LLC, in his individual capacity, and on behalf of additional indemnitor, Blackwood Pointe Associates, LLC ("Blackwood").

13. Accordingly, on August 30, 2007, DG, Parkwood and Blackwood executed an Indemnity Agreement whereby, in consideration of Developers furnishing the Bond Rider on behalf of, Parkwood, they agreed, _inter alia_, to:

> [I]ndemnify and hold harmless Surety from and against any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the maximum rate allowed by law, which Surety may sustain or incur by reason of or in consequence of the execution and delivery by Surety of any bond on behalf of Principal, whether or not Surety shall have paid any amount on account thereof, including without limitation, the following:
>
> * * *

    1.2    Liability incurred or amounts paid in satisfaction of any or all claims, demands, costs, losses, suits, proceedings or judgments relating to Principal's nonperformance of an Obligation or any other matter covered by a Bond.

    1.3    Liability incurred or expenses paid in connection with claims, suits or judgments relating to an Obligation or a Bond, including, without limitation, attorneys' fees and all legal expenses, and all fees and costs for investigation, accounting, or engineering services related to the adjustment of claims and losses.

    1.4    Liability incurred or expenses paid in procuring or attempting to procure a release of liability under or exoneration of a Bond.

    1.5    Liability incurred or expenses paid in recovering or attempting to recover losses or expenses paid or incurred in connection with this Agreement, an Obligation or a Bond.

    1.6    Liability incurred or demands, claims, damages or expenses caused by the failure of Principal or Indemnitor to perform or comply with any or all the covenants and conditions of this Agreement, including, without limitation, the costs and expenses of Surety in connection with the enforcement of any Principal's or Indemnitor's covenants and conditions contained herein or in connection with the exercise of any remedy of Surety hereunder.

***See* Exhibit A, *at* pg. 1-2.**

    14.    In reliance on the execution of the GIA, on or about August 30, 2007 Developers issued a Bond Rider (hereinafter referenced as "Subject Bond") to the Bond changing the name of the principal to Parkwood and amending the Bond's penal sum to $111,637.75.

    15.    In connection with the Project, Township made a claim against the Bond alleging Parkwood failed to complete its obligations on the Project, specifically, that Parkwood failed to perform certain work required pursuant to the Development Agreement (the "Claim").

16. On August 5, 2010, the Township filed a Writ of Summons against Developers in the Court of Common Pleas of Allegheny County, Pennsylvania, related to the Claim.

17. After investigation into the Claim, Developers satisfied its obligations to the Obligee under the Bond; in or about December 2010 Developers issued payment thereby resolving the Township's Claim for a total sum of $100,000.00 ("Settlement Proceeds") in exchange for full and complete exoneration and release of the Bond.

18. In addition to the Settlement Proceeds, as a consequence of having issued the Subject Bond, Developers has incurred costs, attorneys fees and other Loss Adjustment Expenses ("LAE"), for which Indemnitors are responsible under the GIA.

19. Pursuant to the GIA, the Indemnity Defendants agreed that the Principal and Indemnitors shall be in Default upon the occurrence of, <u>inter alia</u>, the following:

> 5.1 Any Default in the performance of an Obligation by Principal or any declaration by any obligee of an Obligation that Principal is in default thereunder.
>
> 5.2 The breach of this Agreement by Principal of Indemnitor.
>
> 5.8 The filing of any suit or the commencement of any action or proceeding by a creditor or obligee of an Obligation against Principal, Indemnitor or any Guarantor in which the Surety has been joined as a party or involves circumstances which are the basis of any claim made against Surety or and Bond

*See* **Exhibit A,** *at* **pg. 3.**

20. Pursuant to the GIA, in the event of Default, Surety, in its sole and absolute discretion is authorized by the Indemnity Defendants to elect any and all applicable remedies as described in the GIA including, but not limited to, "[t]o file suit to enforce the provisions of this Agreement." *See* **Exhibit A,** *at* **pg. 3-4.**

5

21. Pursuant to the GIA, the Indemnity Defendants agreed to inter alia, the following General Conditions affecting the manner in which the Surety may enforce its rights and protections thereunder:

> 14.13   Surety may maintain repeated actions to enforce the terms of this Agreement as causes of action accrue or as breaches of the same occur without any former action operating as a bar to any subsequent action.
>
> * * *
>
> 14.17   By exercising or failing to exercise any of its rights, options or elections hereunder, Surety shall not be deemed to have waived any breach or default on the part of either Principal or Indemnitor or to have released either Principal or Indemnitor from any of their obligations hereunder, unless such waiver or release is in writing and is signed by Surety.  In addition, the waiver of Surety of any breach or default hereunder shall not be deemed to constitute a waiver of any succeeding or preexisting breach or default.

**See Exhibit A,** *at* **pg. 7.**

22. Pursuant to the GIA, the Indemnity Defendants agreed to waive certain rights and defenses including but not limited to the following:

> WAIVERS.  The Principal and Indemnitor hereby waive and agree not to assert:
>
> * * *
>
> 8.4   The defense of the Statute of Limitations in any action hereunder or for the collection of any claim or the performance of any obligation indemnified hereby.

**See Exhibit A,** *at* **pg. 4.**

23. Pursuant to the provisions in the GIA, the Surety agreed to the following provisions regarding Notice to the Principal and Indemnitors:

> NOTICE. Surety agrees to make a reasonable effort to give the Principal and Indemnitors notice of any material information of which Surety has knowledge concerning or affecting the rights or liabilities under any Bond or any rights and liabilities hereunder. Such notice shall be given at the last address known to the Surety for Principal. Further, the failure to give such notice shall in no way relieve Principal and Indemnitors, or any of them, of any liability, duty or obligation hereunder.

***See* Exhibit A,** *at* **5.**

24. On or about June 13, 2017, Developers sought to enforce its rights to which the Indemnity Defendants agreed under the GIA. In this regard, pursuant to the GIA's Notice provision, Developers issued a letter ("6/13/17 Letter") to the Indemnity Defendants demanding payment in an amount not less than $105,000.00 in satisfaction of their indemnity obligations under the GIA. ***See* Exhibit B.**

25. The 6/13/17 Letter was sent via overnight mail to the last known address on file for the Principal and Indemnitors; the Letter was returned undeliverable to the Surety, however the delivery envelope was clearly opened and re-sealed . Furthermore, the words "does not live here" were handwritten on the envelope. ***See* Exhibit C.**

27. Exceeding any diligence obligations to provide notice to the Indemnitors, Developers retained a search firm to locate DC and any information concerning the entity Indemnitors.

28. The search firm returned several possible addresses where the Indemnity Defendants may reside, and on November 15, 2017 Developers issued a letter to the Indemnitors ("11/15/17 Letter") at the most likely addresses outside the Commonwealth, demanding a revised

amount of $121,164.05.[1] *See* **Exhibit D.**

29. Developers further attempted to have the 11/15/17 Letter hand delivered to the Indemnitors most likely address located within the Commonwealth. Indeed, hand-delivery on DC was attempted five (5) times with no success.

30. The 11/15/17 Letter demanded Indemnity Defendants issue payment to Developers in the amount of $121,164.05 within fifteen (15) days.

31. The Surety's considerable efforts satisfied the GIA's Notice requirements to enforcing its rights to indemnification and reimbursement from the Indemnity Defendants.

32. As a consequence of having issued the Bond, Bond Rider, and action taken to enforce its rights of indemnity against the Indemnity Defendants, Developers has incurred losses, damages, attorneys fees and expenses in excess of $121,164.05, all of which are recoverable under the GIA.

33. Furthermore, Developers continues to incur losses, damages, attorneys fees and expenses in connection with enforcing its rights under the GIA, all of which are recoverable.

34. Indeed, said costs, fees, expenses, loses and other liabilities continue to accrue and increase with each passing month.

## COUNT I
### Developers Surety and Indemnity Company v. Indemnity Defendants
**(Indemnification and Reimbursement)**

35. Developers, hereby incorporates paragraphs 1 through 34 as though same were set forth at length herein.

36. Pursuant to the terms of the GIA, Developers is entitled to indemnification and

---

[1] The demand amount was revised to include additional LAE.

reimbursement from the Indemnity Defendants in regard to all demands, liabilities, losses, damages, costs, attorneys fees and expenses of whatever find or nature which arise by reason of, or in consequence of, having issued the Subject Bond.

37. Despite demands[2] from Developers, the Indemnity Defendants have failed and refused to perform their obligations pursuant to the GIA to indemnify and hold harmless Developers in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and expenses incurred in connection with the Subject Bond.

38. Despite demand from Developers, the Indemnity Defendants have failed to perform their obligations pursuant to the GIA by failing to respond to the Surety's demands, and failing to reimburse and indemnify Surtey for liabilities, losses, costs, damages, attorneys' fees and expenses incurred in connection with the Subject Bond.

**WHEREFORE**, Plaintiff, Developers Surety and Indemnity Company, demands judgment against Defendants, David G. Cherup, Parkwood Pointe Associates, LLC, and Blackwood Pointe Associates, LLC, individually, jointly and severally for all demands, liabilities, losses, costs, damages and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgements, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Subject Bond and for such further relief as the Court deems just and proper.

---

[2] Considerable efforts to issue notice of Surety's demand satisfied and requirement of Surety to provide such written demand to Indemnity Defendants.

## COUNT II
### Developers Surety and Indemnity Company v. Parkwood
**(Common Law Indemnification)**

39. Developers incorporates by reference the allegations in paragraphs 1 through 38 as though the same were set forth at length herein.

40. Developers, as surety is entitled to common law indemnification from the Principal, Parkwood, in regard to all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature of which arise by reason or in consequence of having issued the Subject Bond.

41. Accordingly, upon demand from Developers, Parkwood, as Principal, is required to indemnify and reimburse Developers in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and other expenses incurred by reason or in consequence of having issued the Subject Bond.

42. Despite demand, Parkwood has failed to perform their obligations to indemnify and hold Developers' harmless in connection with the demands, settlement, liabilities, losses, costs, damages, attorneys' fees and expenses in connection with the Subject Bond.

**WHEREFORE**, Plaintiff, Developers Surety and Indemnity Company, demands judgment against Defendant, Parkwood Pointe Associates, LLC, for all demands, liabilities, losses, costs, damages and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgements, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Subject Bond and for such further relief as the Court deems just and proper.

## COUNT III
### Developers Surety and Indemnity Company v. Indemnity Defendants
**(Exoneration)**

43.     Developers incorporates by reference the allegations in paragraphs 1 through 42 as though the same were set forth at length herein.

44.     Section No. 1 of the GIA sets forth that in consideration of the execution and delivery by Developers of a Bond or any Bonds on behalf of the Principal, the Indemnity Defendants:

> shall indemnify and hold harmless Surety from and against any and all liability, loss, claims, demands, costs, damages, attorney's fees and expenses of whatever kind or nature, together with interest thereon at the maximum rate allowed by law, which Surety may sustain or incur by reason of or in consequence of the execution and delivery by Surety of any bond on behalf of Principal . . .

***See* Exhibit A,** *at* **pg. 1**.

45.     Such clauses have been consistently interpreted as giving rise to a right of contractual exoneration and required the Indemnity Defendants to exonerate Plaintiff, Developers, from all claims of liability arising from the Subject Bond.

46.     Despite demands from Developers, the Indemnity Defendants have failed and refused to exonerate Plaintiff pursuant to the GIA and as a direct and proximate result Developers has suffered, and continues to suffer, damages in excess of $75,000.00.

Plaintiff, Developers Surety and Indemnity Company, demands judgment against Defendants, David G. Cherup, Parkwood Pointe Associates, LLC, and Blackwood Pointe Associates, LLC, individually, jointly and severally for all demands, liabilities, losses, costs, damages and expenses of any nature sustained and continuing to be sustained, including, without

limitation, attorneys' fees, judgements, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Subject Bond and for such further relief as the Court deems just and proper.

## COUNT IV
### Developers Surety and Indemnity Company v. Parkwood
**(Common Law Exoneration)**

47. Developers incorporates by reference the allegations in paragraphs 1 through 46 as though the same were set forth at length herein.

48. Plaintiff, Developers, as surety, is entitled to common law exoneration from the Principal, Parkwood, in regard to all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature of which arise by reason or in consequence of having issued the Subject Bond.

49. Accordingly, upon demand from Developers, Parkwood as the Principal is required to exonerate, indemnify and reimburse Developers in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and expenses incurred by reason or in consequence of having issued the Subject Bond.

50. Plaintiff, Developers, has suffered damages as a result of the above referenced Claim in connection with the Bond; pursuant to the GIA, Developers is entitled to common law exoneration from the Principal, Parkwood.

51. Despite Developer's demands, Parkwood has failed and refused to cooperate or otherwise perform its obligations pursuant to the GIA to indemnify and exonerate Developers in connection with the demands, settlement, liabilities, losses, costs, damages, attorneys fees and expenses in connection with the Bond.

**WHEREFORE**, Plaintiff, Developers Surety and Indemnity Company, demands judgment against Defendant, Parkwood Pointe Associates, LLC, for all demands, liabilities, losses, costs, damages and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgements, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Subject Bond and for such further relief as the Court deems just and proper.

**DEVLIEGER HILSER, P.C.**

 /s/ Paul T. DeVlieger
PAUL T. DeVLIEGER, ESQUIRE
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
T: (215) 735-9181
F: (215) 735-9186
*Attorneys for Plaintiff, Developers Surety and Indemnity Company*

Dated: December 19, 2017