IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PARKWOOD POINTE ASSOCIATES, LLC, BLACKWOOD POINTE ASSOCIATES, LLC, and DAVID G. CHERUP,<br><br>Defendants. | Civil Action No. 17-1647<br>Chief Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

Plaintiff Developers Surety and Indemnity Company ("Developers") filed the instant action alleging contract and common law claims for indemnification, reimbursement, and exoneration against Defendants Parkwood Pointe Associates, LLC, Blackwood Point Associates, LLC, and David G. Cherup ("Cherup"). ECF No. 1. Now pending before the Court is Developers' Renewed Motion for Alternative Service, ECF No. 8. For the following reasons, the Motion will be granted.

**I. BACKGROUND**

On December 19, 2017, Developers initiated this action by filing a Complaint. ECF No. 1. To date, and despite well over a dozen attempts, Developers has been unable to serve the Complaint on Cherup, or on the named corporate Defendants, each of which are controlled by Cherup. Through the pending Motion and exhibits filed in support thereof, Developers details a story of evasion and apparent intentional efforts to prevent service upon Cherup, warranting the requested relief.

Shortly before commencing this action, Developers retained LawServe, a process server, to locate and serve Defendants with a Demand Letter requesting performance under the indemnity agreements at issue. Prior to employing LawServe, Developers sent their Demand Letter to Defendants' last known address. Developers states that these attempts were unsuccessful and the Demand Letter was returned undeliverable or refused after each attempt. ECF No. 8 ¶¶ 9-10.

Upon retention, LawServe unsuccessfully attempted personal service of the Demand Letter at least seven times at multiple addresses, including Cherup's last known residential address. ECF No 8-1. In April 2018, LawServe confirmed Cherup's addresses through a "skip trace" report revealing a newly issued Florida driver's license with a Florida residential address. Thereafter, multiple unsuccessful attempts were made to serve Cherup in Florida. Cherup's stepson and girlfriend, both residing at the Florida address, indicated that Cherup was traveling to his last known residential address Pennsylvania, where service previously had been attempted. LawServe agents subsequently made at least additional attempts to serve Plaintiff at the Pennsylvania address provided by Cherup's stepson and girlfriend, to no avail.

Thereafter, Developers filed its initial Motion for Alternative Service, ECF No. 6, which this Court denied without prejudice by Order dated April 30, 2018, to permit the development of a more complete record of attempts to serve Cherup at various times of the day, outside of business hours. ECF No. 6.

Through LawServe, renewed efforts to serve Cherup and the corporate Defendants were made beginning May 1, 2018. Thoughout the next six weeks, it is apparent that service was attempted at different times of the day, both in the morning and in the evening, and cards requesting contact were left at the door. At one point, Cherup's sister contacted a LawServe

2

employee and reported that Cherup did not reside at the Pennsylvania location, but could be located in Florida. This conflicted with information obtained from Cherup's girlfriend, and from neighbors residing near the Pennsylvania address, who reported that Cherup had been seen on an intermittent basis. ECF No. 8 at 5.

In all, LawServe employees have made eighteen attempts to serve Defendants at three separate addresses in two different states, and have spoken with multiple individuals associated with the addresses to confirm Cherup's location. It is clear that Developers has made a good faith effort to serve Defendants, and that further efforts at service will be futile. Through the pending Motion, Developers requests that the Court enter an order approving substituted service upon Defendants by way of U.S. First Class Mail at the Florida and Pennsylvania addresses previously confirmed by Cherup's girlfriend and the skip-trace report. Developers believes service by mail is reasonably calculated to provide Defendants with notice of these proceedings.

## II. DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs the process for service on a defendant with a summons and complaint. Because Defendants include an individual and two corporate entities, service is governed by Rules 4(e) and 4(h), which in turn permit service of process and a complaint to be made in compliance with applicable state law. In this instance, Pennsylvania law applies and, pursuant to Rule 430 of the Pennsylvania Rules of Civil Procedure, substitute or alternative service is permitted where service "cannot be made under the applicable rule." Pa. R.C.P. 430(a).

To prevail on a motion for alternate service under Rule 430, a plaintiff must establish "(1) an unsuccessful attempt to properly serve the defendant; (2) a good faith effort to locate the

3

defendant; and (3) a method of alternative service that is reasonably calculated to give actual notice to the defendant." MUNB Loan Holdings, LLC v. Shoval, N. 12-CIV-20305, 2012 WL 12865246, at *2 (S.D. Fla. June 20, 2012)(applying Pennsylvania law and quoting AYR Motor Express, Inc. v. Keystone Transp. Servs., 1998 WL 94811, at *2 (E.D. Pa. March 4, 1998)); and see, Kittanning Coal Co. v. Int'l Min. Co., 551 F. Supp. 834, 842 (W.D. Pa. 1982)(same as to superseded version of Rule 430).

In the instant case, Developers has presented sufficient evidence that it has made a thorough and good faith effort to lawfully effectuate service and that Cherup and, through him, the Corporate Defendants, are actively evading service. Accordingly, the Court will allow for substitute service by certified and regular mail, which are calculated to provide notice to Defendants of this proceeding, and therefore comport with due process. See Teamsters Pension Tr. Fund of Philadelphia & Vicinity v. Direct Carrier Transp. & Distribution, Inc., 2002 WL 32349874, at *1 (E.D. Pa. Feb. 15, 2002); Elec. Boutique Holdings Corp. v. Zuccarini, 2001 WL 83388, at * 7 (E.D. Pa. Jan. 25, 2001) (recognizing that service by certified and regular mail was proper pursuant to Pa. R.C.P. 430(a) when the defendant had willfully evaded personal service); and see, Olympic Steel, Inc. v. Pan Metal & Processing, LLC, 2012 WL 682381, at *4 (E.D. Pa. Mar. 2, 2012).

An appropriate Order follows:

**ORDER**

AND NOW, this 25th day of June, 2018, upon consideration of the Renewed Motion for Alternative Service filed on behalf of Plaintiff Developers Surety and Indemnity Company, ECF No. 8, and the exhibits filed in support thereof,

4

IT IS HEREBY ORDERED that the Motion is GRANTED, and substitute service by certified and regular mail shall be effectuated by Plaintiff upon Defendants Parkwood Pointe Associates, LLC; Blackwood Pointe Associates, LLC, and David G. Cherup.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All attorneys of record via CM/ECF